IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RHONDA TINKLE AND CARY
TINKLE, as parents, and in their
representative capacities as Personal
Representatives and Administrators of
the Estate of CADE TINKLE, deceased,	No. 18-01124-STA-egb

    Plaintiffs,

vs.

DYER COUNTY, TENNESSEE, et al.

    Defendants.

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

Plaintiffs Rhonda Tinkle and Cary Tinkle originally filed this lawsuit in the Circuit Court of Dyer County, Tennessee, pursuant to 42 U.S.C. § 1983 and state law, against Dyer County, Tennessee, Jeff Box a/k/a Jeffrey Box, Alan Bargery, Jennifer Hodges, Laura Simpson, Christopher Farley, Elias Cantu, Jessica Byrd, Kenneth Goff, Christopher Golden, Todd Fawver, Adam Delosh, Tess Woods, Joann Bunner, Samuel Smith, and Andrew Bishop. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. On October 1, 2018, Plaintiffs filed an amended complaint. (ECF No. 41.) Defendants have now filed a motion to dismiss Plaintiffs' state law claims. (ECF No. 42.) Plaintiffs have filed a response to the motion (ECF No. 47), and Defendants have filed a reply to the response. (ECF No. 48.) For the reasons set forth below, Defendants' motion is **GRANTED**, and the state law claims are dismissed.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125,

1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Plaintiffs have alleged that Defendants violated the civil rights of their son, Cade Tinkle ("the Decedent"), while he was incarcerated in the Dyer County Jail following his arrest for public intoxication. Plaintiffs allege that the Decedent was suffering from a severe drug overdose and/or other medical issues at the time of his arrest and that Defendants acted with deliberate indifference toward his medical needs in violation of his civil rights. Plaintiffs specifically allege that, throughout the day on June 15, 2017, Defendants failed to get the Decedent "evaluated by a licensed healthcare professional in deliberate indifference to his health and welfare," and "failed to take any action to get [him] the care he needed in deliberate indifference to his health and welfare" and that these actions/inactions resulted in his death. (Amd. Cmplt. ¶¶ 24, 31 - 32, 35, 37 - 39, 40, 42, 43, 47, 52, 54, 68, ECF No. 41.) Plaintiffs also

contend that Defendant Dyer County is liable for the alleged negligence of its employees under the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code. Ann. § 29-20-101, *et seq.*, and for its own negligent hiring, training, retention, and supervision of its employees.

Defendants have moved to dismiss Plaintiffs' state law claims on the ground that they are immune from suit on these claims pursuant to the GTLA. According to Defendants, the GTLA's civil rights exception preserves immunity from suit for claims arising under § 1983, and a plaintiff cannot avoid that immunity by bringing its civil rights claim as a negligence claim. Defendants also contend that Plaintiffs' claims against Dyer County for negligent hiring, training, retention, and supervision of its employees fail under the GTLA because Dyer County has immunity for performing or failing to perform discretionary acts. Plaintiffs have responded that they are allowed to plead in the alternative that either the Decedent was deprived of his civil rights pursuant to 42 U.S.C. § 1983 or Defendants' conduct was negligent pursuant to the GTLA. The Court finds Defendants' arguments to be persuasive.

The liability of Defendant Dyer County, a governmental entity, for torts committed by its employees and agents is governed by the GTLA which codifies the Tennessee common law rule of sovereign immunity for counties, municipalities, and other governmental entities. Tenn. Code Ann. § 29–20–201; *Limbaugh v. Coffee Medical Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). Under the GTLA, a governmental entity defendant is generally subject to suit for civil claims sounding in negligence with certain enumerated exceptions. *Id.* Those exceptions include any injuries that may arise out of an allegation of civil rights violations, the infliction of mental anguish, and discretionary acts. Tenn. Code Ann. § 29-20-205.

3

It is well-settled that the GTLA's "civil rights" exception includes claims arising under §1983, and a plaintiff cannot circumvent a defendant's immunity by couching its civil rights claim as one of negligence. *See*, *e.g.*, *Campbell v. Anderson Cty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) (holding that a plaintiff whose alleged injuries arose in the context of her civil rights claims could not avoid GTLA immunity merely by "couching" her claim in terms of negligence). In the present case, because Plaintiffs' negligence claims arise out of the same facts and circumstances as their civil rights claims under §1983, they fall within the civil rights exception to the waiver of immunity set forth in the GTLA and must be dismissed. *See Partee v. City of Memphis,* 449 F. App'x 444, 448 (6th Cir. 2011) ("A negligence claim falls within this exception [when] 'the same circumstances giv[e] rise' to both the negligence and civil rights claims. Stated another way, the GTLA 'preserves immunity for suits claiming negligent injuries arising from civil rights violations.'" (citations omitted)).

Plaintiffs argue that, pursuant to Rule 8 of the Federal Rules of Civil Procedure, they are allowed to plead both civil rights violations and negligence claims in the alternative. While Plaintiffs are correct that Rule 8(d)(3) specifically provides that a party may state as many claims as it has, regardless of consistency, courts, including this Court, have consistently held that, if a plaintiff alleges that a defendant violated his civil rights, he cannot alternatively bring a claim under the GTLA because to do so would violate the GTLA's preservation of immunity for alleged civil rights violations. *See e.g.*, *Doe v. Jackson Madison Cty. Bd. of Educ.*, 2018 WL 2927777 at *3 (W.D. Tenn. June 7, 2018) (noting that the plaintiff agreed that she could not "bring state law negligence claims that arise out of the same facts and circumstances giving rise to the violation of a civil right, specifically those brought under § 1983" and rejecting the

plaintiff's argument that her GTLA claims could be brought in conjunction with her Title IX claim because Title IX is also a civil rights statute); *Stewart v. City of Memphis*, 2017 WL 627467 at *8 (W.D. Tenn. Feb. 15, 2017) (finding that the plaintiffs' state law claims arose out of the same circumstances giving rise to their § 1983 civil rights claims, and, therefore, those claims were barred by the GTLA's retention of immunity for injuries arising from civil rights); *Hargrow v. Shelby County*, 2014 WL 3891811 at *5 (W.D. Tenn. Aug. 7, 2014) (rejecting the plaintiff's argument that she had made alternative claims sounding in civil rights and negligence and, thus, the GTLA did not bar her state law claims because she had stated "no facts in the Complaint for tort violations other than those underlying her § 1983 claims").

In the present case, Plaintiffs have alleged that Defendants "negligently" transported Plaintiff throughout the jail and that Defendants "negligently" allowed drugs to be smuggled into the jail. However, as pointed out by Defendants, Plaintiffs have not alleged that the Decedent died due to the way Defendants transported him or because Defendants allowed drugs to be smuggled into the jail. Instead, they have made specific claims that Defendants were deliberately indifferent to the health and welfare of the Decedent. *See*, *e.g.*, (Amd. Cmplt. ¶ 31 ("Despite [ ] clear signs of being in need of immediate evaluation by a licensed healthcare provider, Defendants failed and refused to make any effort to get [the Decedent] evaluated by a licensed healthcare professional in deliberate indifference to his health and welfare."))

Clearly, the basis of Plaintiffs' claims in the amended complaint is that Defendants acted with deliberate indifference toward the Decedent and his need for medical care in violation of his civil rights – claims that are properly brought under § 1983.

Plaintiffs' GTLA claims against Defendant Dyer County for negligent hiring, training, retention, and supervision fall into the GTLA's exception to the waiver of immunity for discretionary acts. Section 29-20-205 of the GTLA provides in relevant part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused[.]

As discussed in *Uhuru v. City of Memphis*, 2008 WL 4646156 at *12 (W.D. Tenn. Oct. 17, 2008),

> "The discretionary functions exception 'recognizes that courts are ill-equipped to investigate and balance the numerous factors that go into an executive or legislative decision' and therefore allows the government to operate without under interference by the Court." *Bowers v. City of Chattanooga*, 826 S.W.2d 427, 431 (Tenn. 1992) (citation omitted). Basically, the discretionary function exception "prevents the use of tort actions to second-guess what are essentially legislative or administrative decisions." *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 85 (Tenn. 2001)).

The *Uhuru* Court found that the allegations in the complaint that the Memphis Police Department and its director "failed to adequately screen, train, investigate, and discipline its officer defendants" were not sufficient "to raise more than a speculation that the actions of the City of which the Uhurus complain are not discretionary functions subject to immunity." *Id.*

This Court further explored the discretionary exception to the GTLA's waiver of immunity in another case in which the City of Memphis argued that the GTLA provided immunity against the plaintiff's allegation that it was liable for the death of the decedent "for the failure to screen, hire, train, and supervise its police officers." *Peatross v. City of Memphis*, 2015 WL 13021901 at *8

(W.D. Tenn. Mar. 12, 2015), *aff'd*, 818 F.3d 233 (6th Cir. 2016). The Court found that the screening, hiring, training, and supervision of the officers "clearly" fell within the discretionary exception. *Id.*

> In *Bowers*, the Tennessee Supreme Court adopted the "planning-operational" test to determine whether an act fell within the discretionary function exception. *Id.*, 826 S.W.2d at 430. Under this test, "decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity." *Id.* (citing *Carlson v. State*, 598 P.2d 969, 972 (Alaska 1979)). Planning decisions, the court in *Bowers* ruled, often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules. *Id.*, 826 S.W.2d at 431.
>
> The sorts of determinations the MPD must make in how it screens, hires, trains and supervises its employees, and how it goes about investigating and disciplining them for any misdeeds can be better characterized as planning rather than operational functions. As a result, the City of Memphis is entitled to governmental immunity under the discretionary function exception of the TGTLA as to Plaintiff's charges of negligent supervision and training found in Count V of his Complaint.

*Id. See also Savage v. City of Memphis*, 620 F. App'x 425, 429 (6th Cir. 2015) (finding that "the sorts of determinations the [Memphis Police Department] must make in how it trains and supervises its employees, staffs its departments, and investigates the alleged wrongdoing of its employees place the Plaintiffs' direct-negligence claims squarely within the discretionary function exception."); *Minor v. City of Memphis*, 2006 WL 889333 at *4 (W.D. Tenn. Mar. 30, 2006) ("The question of how thoroughly to train officers or discipline them, like the question of how to discipline combative employees in *Limbaugh*, is a policy determination. Consequently, it receives discretionary function immunity from tort liability under the TGTLA.")

In the present case, Plaintiffs have not alleged grounds for a negligence claim against Defendant Dyer County based on facts or circumstances that fall outside the discretionary-function exception to the wavier of immunity. Accordingly, their GTLA claims are barred by the discretionary function exception as well as the civil rights exception, and Defendants' motion to dismiss Plaintiffs' state law claims is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 27, 2018.